UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James G. Blakely, | ) | C/A No. 6:15-cv-03782-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Knox White; | ) | |
| Matthew Wallace; | ) | |
| L. N. Bellew; | ) | |
| E. G. Donohue, | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court on a pro se Complaint filed by a prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual Background

James G. Blakely ("Plaintiff") is incarcerated at the Broad River Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). He filed this civil rights Complaint on September 16, 2015, ECF No. 1-2,[1] alleging that he was subjected to kidnapping, false arrest, and false imprisonment at the hands of Defendants Bellew and Donohue in Greenville, South Carolina on January 2, 1998. Compl. 3, ECF No. 1. Plaintiff also filed a

---

[1] This date is taken from the prison "mailroom" stamp on the front of the envelope in which the Complaint under review was mailed to this court. ECF No. 1-1; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. In his Complaint, Plaintiff alleges that, on January 2, 1998, he was "kidnapped" from an apartment by use of a "false arrest warrant" and then "secretly held" in the Greenville County Detention Center for seven months because of a conspiracy among Defendants Bellew, Donohue, and Wallace. ECF No. 1. at 3. Plaintiff further alleges that Defendant White, as the mayor of Greenville and ultimate supervisor of the other Defendants, "is responsible for the [other] defendants." *Id*. at 4. He asks this court to award him damages for the alleged violations of his constitutional rights "from January 2, 1998 to July 14, 1998 . . . ." *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts

which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III.    Discussion

As Plaintiff has filed multiple lawsuits in this court, the court first considers this matter in light of the so-called "three-strikes rule" of the Prison Litigation Reform Act (PLRA). Codified at 28 U.S.C. § 1915(g), the three-strikes rule provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. Even when a prisoner pays the full filing fee when filing his or her action, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006). The three-strikes rule does not apply to petitions for habeas corpus.

Review of this court's records discloses that this is the 36th non-habeas civil action that Plaintiff has filed in this court since July 1995. Plaintiff has also filed nine cases in state court that were removed to this court by defendants, meaning that, to date, the court has considered a total of 45 non-habeas civil cases filed by Plaintiff.  Nearly two years ago, the Fourth Circuit Court of Appeals determined that Plaintiff has had more than three of these civil actions

dismissed as "frivolous," rendering those dismissals "strikes" under 28 U.S.C. § 1915(g) and Plaintiff "struck out" under the PLRA. *Blakely v. Wards*, 738 F.3d 607, 617 (4th Cir. 2013) (*en banc*) (referring to "four summary judgment dismissals," but not citing the specific case numbers for those dismissals).[2] Despite the Fourth Circuit's failure to include the specific case numbers for the "four summary judgment dismissals" that it found to be valid strikes, it is clear from its opinion that Plaintiff has been struck out since at least 2000 and his ability to proceed *in forma pauperis* has not been restored.

In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his allegations satisfy the exception for claims of imminent danger of serious physical injury provided by the three-strikes rule. *See McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009). Review of the Complaint in this case shows that it does not fit within this exception so as to enable Plaintiff to proceed *in forma pauperis* because Plaintiff's allegations do not show that he is in imminent danger of serious physical injury from the alleged false arrest, kidnapping, false imprisonment, and conspiracy among Defendants that took place from January 2 through July 14, 1998. Any arguable danger of serious physical injury that might have arisen from the alleged actions of Defendants obviously ended over 17 years ago. Plaintiff is not in "imminent danger" from Defendants' alleged wrongdoing. Thus, Plaintiff's allegations do not satisfy the requirements for application of the three-strikes exception. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his</u>

---

[2] In a pre-decision order, the Fourth Circuit required Plaintiff to discuss nine prior cases that Plaintiff had previously filed in this court, but which were dismissed either summarily or on summary judgment with this court explicitly designating the dismissals "strikes." Letter, *Blakely v. Wards*, No. 11-6945 (4th Cir. Jan. 20, 2012), ECF No. 19. Those nine prior cases in this court were: Civil Action Nos. 0:98-cv-2313-WBT; 4:98-2252-MBS; 0:98-cv-885-MBS; 0:98-cv-2978-MBS; 0:98-cv-1221-MBS; 0:98-cv-2468-MBS; 9:98-cv-2875-MBS; 0:98-1085-MBS; 4:00-cv-967-MBS. *Id*.

4

Complaint will then be subject to review by the undersigned to determine whether service of process should be authorized.

IV.     Recommendation

Accordingly, it is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 21 days from the date the District Judge rules on this Report to pay the filing fee (currently $400),[3] and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

If Plaintiff fails to timely pay the filing fee, it is further recommended that the Complaint be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 21-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

October 13, 2015                                           Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350, thus making the total required to be paid $ 400.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).