

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JAMES G. BLAKELY, also known as James Gatewood Blakely, also known as Jimmy G. Blakely, <br>     Plaintiff, <br><br> vs. <br><br> KNOX WHITE, Mayor of Greenville, SC; MATTHEW WALLACE, Prosecutor for Greenville County; L.N. BELLEW, Detective; and E.G. DONOHUE, Detective, <br>     Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 6:15-03782-MGL |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's Motion for Leave to Proceed in forma pauperis be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 13, 2015, and the Clerk of Court entered Plaintiff's objections to the Report on October 23, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In his objections, Plaintiff raises a number of unavailing arguments. He first argues that the Magistrate Judge did not have proper jurisdiction over his Complaint based on her location in Florence, South Carolina. Objections 1. However, the Magistrate Judge properly has jurisdiction over the case under 28 U.S.C. § 636, notwithstanding her location in Florence and regardless of where Plaintiff filed his lawsuit.

Plaintiff next alleges that there were two prisoners named James Blakely in the South Carolina Department of Corrections. Objections 1-2. Nonetheless, he neglects to dispute the fact that the Fourth Circuit Court of Appeals determined that Plaintiff has struck out under 28 U.S.C. § 1915(g), and no court has restored his ability to proceed in forma pauperis. *See Blakely v. Wards*, 738 F.3d 607, 617 & n.8 (4th Cir. 2013) (en banc) (finding that Plaintiff has "accrued three qualifying strikes in the context of summary judgment").

Plaintiff further petitions the Court to restore his ability to proceed in forma pauperis on the merits of his Complaint in this case, and he requests the Court to provide him with the original complaints that were deemed frivolous and counted as strikes against him under 28 U.S.C. § 1915(g). Objections 3-4. But the Court is under no obligation to provide Plaintiff with the original complaints that he filed. In the same vein, Plaintiff objects to the Magistrate Judge's citing of the nine cases Plaintiff brought in state court that the defendants subsequently removed to federal

2

court. Objections 4-5. Nevertheless, the Fourth Circuit found that Plaintiff has struck out under 28 U.S.C. § 1915(g), regardless of whether the complaints originating in state court are included. *See Blakely*, 738 F.3d at 617.

Finally, Plaintiff contends that he is in imminent danger of serious physical injury sufficient to satisfy that exception under 28 U.S.C. § 1915(g) (providing an exception to the three-strikes rule allowing claims of imminent danger of serious physical injury). Objections 5. However, as noted by the Magistrate Judge, Plaintiff appears to be unable to show that he is in imminent danger of serious physical injury from the alleged false arrest, kidnapping, false imprisonment, and conspiracy among the Defendants in 1998. Because the alleged actions of Defendants took place over seventeen years ago, Plaintiff is not in imminent danger from Defendants' alleged wrongdoing. The mere fact that Plaintiff is in prison is insufficient to establish an imminent danger of serious physical injury.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's Motion for Leave to Proceed in forma pauperis is **DENIED**. Plaintiff is given 21 days from the date of the issuance of this Order to pay the filing fee of $400, and the Office of the Clerk of Court shall withhold entry of judgment until such time expires. If Plaintiff fails to timely pay the filing fee, the Complaint shall be **DISMISSED WITHOUT PREJUDICE** under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk shall enter the required final judgment at the close of the 21-day period permitted for payment of the filing fee.

**IT IS SO ORDERED**.

Signed this 26th day of October, 2015, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.